UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X

JOHN M. DOUGHERTY,

          Plaintiff,

-against-

CORRECTIONS OFFICER JANE DOE;
CAPTAIN MARY DOE; CORRECTIONS
OFFICER SUE DOE; WARDEN CATHERINE
RAYMOND; WARDEN VALERIE OLIVER;
COMMISSIONER MARTIN HORN;
MAYOR MICHAEL BLOOMBERG;
CITY OF NEW YORK; INDIVIDUALLY AND
IN THEIR OFFICIAL CAPACITIES,

          Defendants.
----------------------------------------------------------X

FILED
IN CLERKS OFFICE

1 8 2005

P.M. _____
T__ __ A.M. _____

MEMORANDUM AND ORDER
05-CV-4510 (DLI)

IRIZARRY, United States District Judge.

Plaintiff files the present *pro se* action pursuant to 42 U.S.C. § 1983 alleging that defendants failed to protect him from an assault perpetrated by other inmates while he was incarcerated at Rikers Island Correctional Facility ("Rikers Island"). Plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 is granted. Plaintiff's request for appointment of counsel is denied without prejudice. For the reasons set forth below, the complaint is dismissed against defendants Warden Catherine Raymond, Warden Valerie Oliver, Commissioner Martin Horn, and Mayor Michael Bloomberg. The action shall proceed against the City of New York and the unnamed correction officers and captain.

Background

On September 16, 2004, plaintiff alleges that he was assaulted by two inmates while

1

incarcerated at the Anna M. Kross Center ("A.M.K.C.") at Rikers Island. Plaintiff alleges that following the assault, he was transferred to a different housing unit and made a request to Correction Officer Jane Doe and Correction Captain Mary Doe to be placed in protective custody. Complaint at 4, ¶ 19-20. On September 22, 2004, plaintiff appeared in New York State Supreme Court and plaintiff's criminal defense attorney requested that plaintiff be placed in protective custody. That request was granted. Complaint at 4, ¶ 21. Upon his return to Rikers Island and after inquiring about the protective custody order, plaintiff alleges that Correction Officer Sue Doe verbally abused him "questioning what he had done to need protective custody." Complaint at 4, ¶ 22.

On October 13, 2004, while awaiting a medical consultation, plaintiff was placed in a holding cell with one of the assailants from the September 16, 2004 attack who threatened to retaliate against him for complaining. Plaintiff refused the medical consultation citing the threats that were made against him. Complaint at 5, ¶ 23. On October 14, 2004, while awaiting transport to court, plaintiff was placed in a holding cell, where he was again attacked. Complaint at 5, ¶ 24. Following the attack, plaintiff was taken for a medical examination and returned to the holding cell where he was threatened by other detainees. Id. On October 15, 2004, a medical examination revealed that plaintiff's jaw and cheekbone were fractured. Plaintiff seeks monetary damages.

## Standard of review

Under 28 U.S.C. § 1915A, a district court "shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or employee of a governmental entity." 28 U.S.C.§ 1915A. Upon review, a district court shall dismiss a prisoner complaint *sua sponte* if the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary

2

relief from a defendant who is immune from such relief." Id. § 1915(b); Liner v. Goord, 196 F.3d 132,134 & n.1 (2d Cir. 1999) (noting that under Prison Litigation Reform Act, *sua sponte* dismissal of frivolous prisoner complaints is not only permitted but mandatory); see also Tapia-Ortiz v. Winter, 185 F.3d 8, 11 (2d Cir. 1999).

## Discussion

### Personal Involvement

42 U.S.C. § 1983 provides a private right of action against any person who, acting under color of state law, causes another person to be subjected to the deprivation of rights under the U.S. Constitution or federal law. Because § 1983 imposes liability only upon those whose actions cause a deprivation of rights, as a prerequisite to a damage award under 42 U.S.C. § 1983, a plaintiff must allege defendant's direct or personal involvement in the alleged constitutional deprivation. Blyden v. Mancusi, 186 F.3d 252, 264 (2d Cir. 1999); Wright v. Smith, 21 F.3d 496, 501 (2d Cir. 1994). Thus, a plaintiff must "allege a tangible connection between the acts of the defendant and the injuries suffered." Bass v. Jackson, 790 F.2d 260, 263 (2d Cir. 1986).

However, a defendant supervisor is personally involved if he or she has (1) directly participated in the infraction, (2) failed to remedy the wrong after learning of the violation, (3) created a policy or custom under which unconstitutional practices occurred or allowed such a policy or custom to continue, (4) was grossly negligent in managing subordinates who caused the unlawful condition or event, or (5) exhibited deliberate indifference by failing to act on information indicating that unconstitutional acts were occurring. Colon v. Smith, 58 F.3d 865, 873 (2d Cir. 1995); Williams v. Smith, 781 F.2d 319, 323-24 (2d Cir. 1986). Liability under § 1983 generally cannot be imposed on a supervisor based solely on his position because there is no respondeat superior or vicarious

liability under § 1983. <u>Blyden</u>, 186 F.3d at 264; <u>see</u> <u>also</u> <u>Monell v. Dept of Social Servs.</u>, 436 U.S. 658, 692-95 (1978).

The present complaint fails to allege facts demonstrating that defendants Raymond, Oliver, Horn and Bloomberg had any direct involvement with, knowledge of, or responsibility for the alleged deprivation of plaintiff's civil rights. Plaintiff states that defendants Raymond and Oliver "failed to ensure that the plaintiff would be protected from any further assaults. The lack of checks and balances governing a judge's order of protective custody led directly to plaintiff's assault." Complaint at 6, ¶ 32. As to defendant Horn, plaintiff alleges that he "failed to place any emphasis on the safety of detainees from assault." Complaint at 7, ¶ 33. While defendants Raymond, Oliver and Horn hold supervisory positions at Rikers Island and within the Department of Corrections, plaintiff fails to allege facts to demonstrate their personal involvement. Similarly, plaintiff has not established the personal involvement of Mayor Bloomberg. He simply states that Mayor Bloomberg "was the person responsible for the prioritization of policies regarding the safety of detainees held on Riker's Island." Complaint at 7, ¶ 34. Accordingly, plaintiff's claims against Warden Catherine Raymond, Warden Valerie Oliver, Commissioner Martin Horn, and Mayor Michael Bloomberg are dismissed for failure to state a claim under 28 U.S.C. § 1915 A.

## Conclusion

The complaint against defendants Catherine Raymond, Valerie Oliver, Martin Horn, and Mayor Michael Bloomberg fails to state a claim upon which relief may be granted and therefore is dismissed. 28 U.S.C. § 1915 A. The Clerk of Court shall note on the docket that Raymond, Oliver, Horn, and Bloomberg are terminated from this action. The Clerk of Court shall send a copy of this order, and the complaint to the Corporation Counsel of the City of New York and to plaintiff.

Plaintiff names two correction officers, "Jane and Sue Doe" and one correction captain, "Mary

4

Doe" who he alleges failed to protect him or were deliberately indifferent to his safety. Complaint at 6, ¶ 31. Pursuant to Valentin v. Dinkins, 121 F.3d 72 (2d Cir. 1997) (per curiam), the Court directs the Corporation Counsel of the City of New York to ascertain the full names and badge numbers of the two Doe correction officers and the one Jane Doe correction captain who were involved in the incidents plaintiff alleges occurred at the A.M.K.C. (W 18 unit and 8 Mod unit) on or about September 16, 2004, September 19, 2004, and September 22, 2004. The Corporation Counsel is also directed to provide the addresses where the defendants may be served. The Corporation Counsel need not undertake to defend or indemnify these individuals at this juncture. This order merely provides a means by which plaintiff may name and properly serve the defendants as instructed by the Second Circuit in Valentin.

The Corporation Counsel of the City of New York is hereby requested to produce the information specified above regarding the identities of the two unnamed correction officers and the one unnamed correction captain by December 14, 2005. Once this information is provided, plaintiff's complaint shall be deemed amended to reflect the full names of the defendants, summonses shall be issued and the Court shall direct service on all the defendants.

SO ORDERED.

DATED: Brooklyn, New York
November 14, 2004

_____
DORA L. IRIZARRY
United States District Judge